# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

COLLINS & AIKMAN CORPORATION, *et al.*,

    Debtors.
_____/

WILHELM KARMANN GMBH,

    Plaintiff,

v.

DURA CONVERTIBLE SYSTEMS, INC.,

    Defendant.
_____/

Case No. 06-11512
Hon. Gerald E. Rosen

Bankr. Case No. 05-55927
Chapter 11
Hon. Steven W. Rhodes

Adversary Proc. No. 06-04059

## ORDER DENYING PLAINTIFF'S
## MOTION TO WITHDRAW REFERENCE

    At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     June 15, 2006

    PRESENT: Honorable Gerald E. Rosen
                        United States District Judge

Plaintiff Wilhelm Karmann GmbH filed the present motion on March 30, 2006, requesting that this Court withdraw the reference of this adversary proceeding to the Bankruptcy Court, apparently for "cause" under the permissive withdrawal provision set forth at 28 U.S.C. § 157(d). Defendant Dura Convertible Systems has filed a response in opposition to this motion, and the Official Committee of Unsecured Creditors of Debtor

Collins & Aikman has joined in Defendant's opposition to Plaintiff's motion. For the reasons stated briefly below, the Court denies Plaintiff's motion as premature, without prejudice to Plaintiff's opportunity to seek similar relief if warranted at a later point in this adversary proceeding.

Congress has authorized the federal district courts to refer "any or all" bankruptcy-related proceedings to the bankruptcy judges for their district. 28 U.S.C. § 157(a). In this District, such matters are automatically referred pursuant to Local Rule 83.50(a)(1). Congress has further provided, however, that this Court "may withdraw, in whole or in part, any case or proceeding referred [to the Bankruptcy Court] . . . , on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).[1] Accordingly, the disposition of the present motion turns upon whether Plaintiff has shown "cause" for withdrawing the reference of this adversary proceeding.[2]

In conducting this inquiry, "the courts have acknowledged . . . [a] congressional intent to have bankruptcy proceedings adjudicated in bankruptcy court unless rebutted by a contravening policy." Hunderup v. Fesmire (In re Southern Industrial Mechanical Corp.), 266 B.R. 827, 831 (W.D. Tenn. 2001). Local Rule 83.50(a)(1) of this District reflects a similar preference, expressing the District Court's intention "to give bankruptcy

---

[1]Although § 157(d) also provides for mandatory withdrawal in some circumstances, Defendant argues that this mandatory provision does not apply here, and Plaintiff does not contend otherwise in its submissions to the Court.

[2]As noted by Defendant, Plaintiff's argument on this score is hindered by its failure to even acknowledge this statutory requirement of "cause" at any point in its motion.

judges the broadest possible authority to administer cases and proceedings properly within their jurisdiction." Plaintiff, as the moving party, "bears the burden of showing the existence of . . . unusual circumstances" or a "substantial reason" that warrants withdrawal of the reference. Hunderup, 266 B.R. at 834.

In seeking to meet this burden, Plaintiff relies solely upon its demand for a jury trial. This plainly can constitute "cause" for withdrawing a reference, because the Bankruptcy Court is not authorized to conduct a jury trial, at least under the law of this Circuit (and most others). See Rafoth v. National Union Fire Ins. Co. (In re Baker & Getty Financial Servs., Inc.), 954 F.2d 1169, 1172-73 (6th Cir. 1992). This limitation may be waived "with the express consent of all the parties," 28 U.S.C. § 157(e), but Plaintiff states in the present motion that it will not give such consent.

Nonetheless, while Plaintiff's jury demand perhaps would provide a basis for the eventual withdrawal of this proceeding from the purview of the Bankruptcy Court, this Court declines to do so at this juncture. The present motion was brought near the outset of this adversary proceeding, shortly after Defendant filed its answer and counterclaims. Thus, it is still quite possible that this case will not "reach trial, that it will require protracted discovery and court oversight before trial, or that the jury demand is without merit." Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1102 (2d Cir. 1993).[3] Given these and other contingencies, one court has

---

[3]As to the last of these points, Defendant argues that Plaintiff has waived its right to a jury trial by filing a proof of claim in the underlying Chapter 11 proceeding. The Court need not

reasoned:

> Even assuming, without deciding, that [the defendant] has a right to a jury trial, the appropriateness of removal of the case to a district court for trial by jury, on asserted Seventh Amendment grounds, will become a question ripe for determination if and when the case becomes trial ready. A rule that would require a district court to withdraw a reference simply because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy favoring judicial economy that underlies the statutory scheme governing the relationship between the district courts and bankruptcy courts. Although withdrawal is an important component of this scheme, the court must employ it judiciously in order to prevent it from becoming just another litigation tactic for parties eager to find a way out of bankruptcy court. Given [the bankruptcy judge's] familiarity with the bankruptcy case involving [the debtor], she is in the best position to monitor all the proceedings related to that bankruptcy, including this adversary proceeding.

Kenai Corp. v. National Union Fire Ins. Co. (In re Kenai Corp.), 136 B.R. 59, 61 (S.D.N.Y. 1992) (internal quotations and citations omitted); see also Auto Specialties Mfg. Co. v. Sachs (In re Auto Specialties Mfg. Co.), 134 B.R. 227, 229 (W.D. Mich. 1990) (denying a motion to withdraw the reference as "premature," despite the movant's jury demand, where the case was not yet ready for trial). Here, likewise, judicial economy is better served by permitting the Bankruptcy Judge to manage the pre-trial phase of the litigation, with this Court revisiting the matter of withdrawal if and when the case is ready for trial.[4]

---

resolve this issue at this juncture, in light of its determination that Plaintiff's request to withdraw the reference is premature.

[4] In determining that the present motion is premature, the Court recognizes that the local bankruptcy rules of this District require such a motion to be filed "concurrently with the filing of the jury demand," and that a party who fails to do so is "deemed to have consented to the bankruptcy judge conducting the jury trial." Local Rule 9015-1, U.S. Bankruptcy Court for the

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's March 30, 2006 Motion to Withdraw Reference is DENIED, without prejudice to Plaintiff's opportunity to again seek this relief at a later stage of this proceeding.

                                              s/Gerald E. Rosen  
                                              Gerald E. Rosen  
                                              United States District Judge

Dated:  June 15, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 15, 2006, by electronic and/or ordinary mail.

                                              s/LaShawn R. Saulsberry  
                                              Case Manager

---

Eastern District of Michigan.  Through the present filing, Plaintiff has complied with this rule, and has preserved its opportunity to renew its request for withdrawal at the appropriate time.